UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Lester, | ) C/A: 4:12-3038-TMC-TER |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Perry Correctional Inst.; Cpt. Randall; Office Fish; Office Alwren, | ) |
| Defendants. | ) |

Plaintiff, Steve Lester, ("Plaintiff"), is a state prisoner in the Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections ("SCDC") in Pelzer, South Carolina, who is proceeding *pro se* and *in forma pauperis*. Plaintiff brings this action under 42 U.S.C. § 1983[1] seeking compensatory damages for the loss of his personal property, which Plaintiff alleges was stolen after Plaintiff was placed in a "lockup" cell in PCI, on April 12, 2010. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, *with prejudice*, because it fails to state a plausible claim on which relief may

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

be granted by this Court. This is the third such action filed by Plaintiff in this Court in which he has attempted to bring the same claim against the same Defendants.[2] Thus, the instant, duplicative Complaint is frivolous, and the recommended summary dismissal of this case should also be designated as a "strike" pursuant to 28 U.S.C. § 1915(g).[3]

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a

---

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[3] *See Williams v. Simmons,* No. 11-6796, 2012 U.S. App. LEXIS 8433 at *2, 2012 WL 1425282 (4th Cir. April 25, 2012); *Williams v. Circuit Court for City of Suffolk*, No. 11-6978, 2012 U.S. App. LEXIS 4454 at *2, 2012 WL 688218 (4th Cir. March 2, 2012); *McFadden v. McKie*, No. 11-6809, 2012 U.S. App. LEXIS 2490 at *2, 2012 WL 375856 (4th Cir. Feb. 7, 2012); *Williams v. Virginia Supreme Court*, 457 F. App'x 228 (4th Cir. December 8, 2011); *Twitty v. Nationwide Ins. Co.*, 431 F. App'x 230, 231 (4th Cir. May 24, 2011); *Barnes v. Seymour*, 416 F. App'x 300, 301 (4th Cir. March 11, 2011); *Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011); and *McLean v. United States*, 566 F.3d 391, 395-98 (4th Cir. 2009).

claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

As noted above, Plaintiff, a state prisoner in SCDC's PCI, files this § 1983 claim, seeking monetary damages from Defendants in connection with the alleged theft, on April 12, 2010, of Plaintiff's personal property, including "all [of Plaintiff's] legal work," after he was placed on lockup. The theft was discovered when Plaintiff was released from lockup, on May 13, 2010, and an incident report was written on June 11, 2010, but Plaintiff has never gotten his personal property back. Plaintiff alleges that he filed a grievance which was dismissed because the commissary staff member at PCI did not give Plaintiff a copy of the incident report for two years. Plaintiff alleges that "the state has a duty to protect you and your property torty action," and he seeks "600,000 dollars." *See* ECF No. 1, p. 5.

As noted above, the claim asserted in the instant case is the same as the claim asserted in two previous § 1983 cases which were filed in this Court by Plaintiff against these same four Defendants, on June 9, 2011, and on April 9, 2012.[4] The legal and factual issues alleged, the parties involved, and the type of relief sought in the instant complaint are completely duplicative of the legal and factual issues that were alleged in Plaintiff's previous § 1983 cases. In *Lester v. Perry Correctional Institution, et al.*, C/A No. 11-1388-TMC-TER (D.S.C.), Plaintiff's complaint was summarily dismissed, without prejudice and without issuance and service of process, on October 27, 2011. Plaintiff appealed this Court's order and judgment to the United States Fourth Circuit Court of

---

[4] *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding).

Appeals and, on February 3, 2012, the Fourth Circuit affirmed the judgment. Plaintiff's motion for rehearing was denied by the Fourth Circuit on March 26, 2012. *See* C/A No. 11-1388, ECF Nos. 35, 36, 37, 38. In *Lester v. Perry Correctional Institution, et al.*, C/A No. 4:12-971-TMC-TER (D.S.C.), Plaintiff's complaint was summarily dismissed, without prejudice and without issuance and service of process, on May 31, 2012. Plaintiff appealed to the Fourth Circuit, which affirmed this Court's judgment on October 2, 2012. The Fourth Circuit's mandate and judgment were filed in C/A No. 12-971 on October 24, 2012. *See* C/A No. 12-971, ECF No. 25.

Plaintiff's Complaint is subject to summary dismissal for the same reasons set forth in C/A Nos. 11-1388 and 12-971. Plaintiff's Complaint fails to state a cognizable § 1983 claim for violation of the Due Process Clause of the Fourteenth Amendment. Even an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals). Plaintiff has a meaningful remedy under South Carolina law to obtain relief for the alleged taking of his personal property, by bringing an action against the State of South Carolina in state court, pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 et seq. *See Mora*, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate); *see also Hudson v. Palmer*, 468 U.S. 517, 530-536 (1984) (holding that intentional deprivations of

4

property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *Plumer v. State of Maryland*, 915 F.2d 927, 930-31 (4th Cir. 1990) (where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process); *Yates v. Jamison*, 782 F.2d 1182, 1183-184 (4th Cir. 1986) (holding that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state).[5] Hence, the alleged deprivation of Plaintiff's personal property is not a basis for a federal civil rights action pursuant to 42 U.S.C. § 1983.

Further, as the issues involved in the Complaint *sub judice* have twice been addressed in Plaintiff's prior cases, this duplicate § 1983 Complaint is frivolous. *See* 28 U.S.C.A. § 1915(e)(2)(B)(i)(ii); *Cottle v. Bell*, No. 00-6367, 2000 U.S. App. LEXIS 19956 at *2, 2000 WL 1144623 at *1 (4th Cir. Aug. 14, 2000) ("Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)"); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1998) ("[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party".); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two). Therefore, in the interests of judicial economy and efficiency, the instant Complaint should

---

[5] *Yates* has been partially overruled for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" *Plumer v. Maryland*, 915 F.2d 927, 929-32 & nn.2-5 (4th Cir. 1990); *see also Zinermon v. Burch*, 494 U.S. 113 (1990). However, the holding in *Yates* is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.

be summarily dismissed. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

In C/A Nos. 11-1388 and 12-971, it was explained to Plaintiff that his claim for damages for the loss of his personal property did not present a federal cause of action against these Defendants, under § 1983. The Fourth Circuit affirmed this Court's judgments in both previous cases. Now, Plaintiff has brought the same claim against the same Defendants for the third time. Plaintiff's Complaint in the instant case should therefore be dismissed *with prejudice* and, because this duplicative claim is frivolous, the recommended dismissal should be designated as a "strike" pursuant to 28 U.S.C. § 1915(g).

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in this case be summarily dismissed, *with prejudice*, as frivolous. It is further recommended that this dismissal be designated a "strike" pursuant to 28 U.S.C. § 1915(g).

Plaintiff's attention is directed to the important notice on the next page.

  s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 26, 2012
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).